JULIAN M. BAUM (CA State Bar No. 130892)
THOMAS J. FUCHS
BAUM & WEEMS
9 Tenaya Lane
Novato, California 94947
Telephone: (415) 892-3152
Facsimile: (415) 892-3096

Attorneys for Plaintiff
MARK A. EPPLER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. EPPLER, an individual, ) | |
| ) | Case No. C07-04696 |
| Plaintiff, ) | |
| ) | |
| v. ) | FIRST AMENDED COMPLAINT |
| ) | |
| ) | [ERISA, 29 U.S.C. Sections 1001 et seq.] |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY; LONG TERM ) | |
| DISABILITY AND LIFE PLAN FOR ) | |
| EMPLOYEES OF MINNESOTA METHANE ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff MARK A. EPPLER, alleges as follows.

////

////

////

////

////

JURISDICTION

1.      This is an action for equitable relief and for benefits under a group long-term disability insurance policy.  Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. (hereafter, "ERISA").  This Court has subject matter jurisdiction of this action under 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

INTRADISTRICT ASSIGNMENT

2.      A substantial part of the events or omissions which give rise to plaintiff's claims occurred in the County of Marin, California.  Venue is proper in this district under 29 U.S.C. § 1132(e)(2).

FIRST CLAIM FOR RELIEF<br>[for benefits due under the defendant ERISA plan]

3.      Defendant Long Term Disability And Life Plan For Employees Of Minnesota Methane LLC (hereafter, the "Plan") is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. Sections 1002 and 1003.

4.      Plaintiff Mark A. Eppler is, and at all relevant times was, a covered beneficiary under defendant Long Term Disability And Life Plan For Employees Of Minnesota Methane LLC, and a group disability insurance policy issued by defendant Hartford Life and Accident Insurance Company.

5.      Plaintiff is, and at all relevant times has been, and continues to be totally disabled within the meaning of the terms of the Plan.

6.      Defendants have failed and refused to pay to plaintiff disability benefits to which he is entitled under the terms of the Plan.

7.      Plaintiff has fulfilled every condition and has duly performed each and every obligation that he was required to perform under the terms of the Plan, and is and at all relevant times has been entitled to payment of disability benefits under the terms and conditions of the Plan.

8.      Defendants have breached their obligations to plaintiff by failing to fulfill their obligations under the Plan and under the applicable provisions of ERISA, including but not limited to the obligation to pay disability benefits under the Plan, by unreasonably and

wrongfully failing to conduct a proper investigation and review prior to terminating payment of plaintiff's benefits, and by failing to conduct a full and fair review of plaintiff's claim and the denial of his benefits as required by ERISA.

9. As a direct and proximate result of defendants' conduct as alleged herein, plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of his disability benefits, interest on those benefits, and attorneys' fees, and expenses.

WHEREFORE, plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
[For Breach of Fiduciary Duty]

10. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 9, inclusive, of this Complaint.

11. Defendants breached their fiduciary duties under ERISA by failing properly to investigate and administer plaintiff's claim for disability benefits, by failing to provide a full and fair review of plaintiff's appeal of the denial of Plan benefits, and by failing to administer the Plan in accordance with the purposes of the Plan and for the exclusive benefit of its beneficiaries.

12. As a direct and proximate result of defendants' conduct as alleged herein, plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of disability benefits, interest on those benefits, and attorneys' fees and expenses.

WHEREFORE, plaintiff prays for judgment as follows:

1. For benefits due under the Plan;
2. For a declaration regarding plaintiff's rights to future benefits under the Plan;
3. For such equitable relief as the Court deems just and proper;
4. For prejudgment interest;

///
///
///
///

1     5.    For attorneys' fees, costs and expenses; and

2     6.    For such other and further relief as the Court deems just and proper.

Dated: December 4, 2007         JULIAN M. BAUM
                                            THOMAS J. FUCHS
                                            BAUM & WEEMS

by_____/s/ by Julian M. Baum_____
      JULIAN M. BAUM
   Attorneys for Plaintiff Mark A. Eppler