LAURA E. FANNON (SBN 111500)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, LONG-TERM DISABILITY AND LIFE PLAN
FOR EMPLOYEES OF MINNESOTA METHANE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. EPPLER,<br><br>           Plaintiff,<br><br>      vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; LONG-TERM DISABILITY AND LIFE PLAN FOR EMPLOYEES OF MINNESOTA METHANE LLC,<br><br>           Defendants. | Case No.: C07-04696 WHA ADR<br><br>**ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT; CERTIFICATE OF INTERESTED PARTIES** |

Defendants Hartford Life and Accident Insurance Company ("The Hartford") and Long Term Disability and Life Plan for Employees of Minnesota Methane LLC ("the Plan") (jointly, "defendants") answer the First Amended Complaint ("the complaint") filed by plaintiff Mark A. Eppler ("plaintiff") as follows:

## JURISDICTION

1. Answering the allegations of paragraph 1 of the complaint, defendants admit that plaintiff seeks benefits under a group long-term disability policy governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. section 1001 et seq., and that this court has jurisdiction over the cause. Answering the remaining allegations of said paragraph, defendants deny said allegations.

## INTRADISTRICT ASSIGNMENT

2. Answering the allegations of paragraph 2 of the complaint, defendants admit that venue is proper in this district. Answering the remaining allegations of said paragraph, defendants are without knowledge or information sufficient to admit or deny said allegations, and on that basis deny said allegations.

## FIRST CLAIM FOR RELIEF

**(For benefits due under the defendant ERISA plan)**

3. Answering the allegations of paragraph 3 of the complaint, defendants admit the allegations contained therein.

4. Answering the allegations of paragraph 4 of the complaint, defendants admit that plaintiff at one time was a covered participant in the Plan, and that defendant Hartford underwrote the plan by issuing a group disability insurance policy to Minnesota Methane LLC ("MM") for the benefit of its employees. Answering the remaining allegations of said paragraph, defendants deny each and every allegation contained therein.

5. Answering the allegations of paragraph 5 of the complaint, defendants deny each and every allegation contained therein.

6. Answering the allegations of paragraph 6 of the complaint, defendants deny each and every allegation contained therein.

7. Answering the allegations of paragraph 7 of the complaint, defendants deny each and every allegation contained therein.

8. Answering the allegations of paragraph 8 of the complaint, defendants deny each and every allegation contained therein.

9. Answering the allegations of paragraph 9 of the complaint, defendants deny each and every allegation contained therein.

WHEREFORE, defendants pray for judgment as set forth below.

## SECOND CLAIM FOR RELIEF

### (For Breach of Fiduciary Duty).

10. Answering the allegations of paragraph 10 of the complaint, defendants hereby reallege and incorporate by reference their answers to paragraphs 1 through 9 of the complaint above as though fully set forth.

11. Answering the allegations of paragraph 11 of the complaint, defendants deny each and every allegation contained therein.

12. Answering the allegations of paragraph 12 of the complaint, defendants deny each and every allegation contained therein.

WHEREFORE, defendants pray for judgment as set forth below.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Claim for Relief)

13. Neither plaintiff's complaint, nor any claim for relief set forth therein, states facts sufficient to constitute a claim for relief against defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Failure To Exhaust Administrative Remedies)

14. The Plan documents, including the Hartford policy through which long term disability benefits were provided, required that plaintiff submit an appeal within 180 days from the date that his claim was denied. Plaintiff failed to do so. Accordingly, plaintiff's suit is barred because he failed to exhaust his administrative remedies and no right to sue ever accrued.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

15.    Defendants allege, on information and belief, that by plaintiff's or his agents' own fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in his complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure To Satisfy Conditions Precedent)**

16.    Plaintiff has failed to satisfy all conditions precedent to payment of benefits under the policy that is the subject of this action.

**FIFTH AFFIRMATIVE DEFENSE**

**(Offsets)**

17.    Defendants deny that any amount remains due and owing to plaintiff under the group disability policy sued upon. However, if the court should determine that any amount remains due and owing to plaintiff, all benefits to be paid are subject to offset and reduction by Other Income Benefits as defined in the policy and in accordance with its terms.

**SIXTH AFFIRMATIVE DEFENSE**

**(ERISA Preemption)**

18.    Plaintiff's complaint, and every cause of action alleged therein, is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. section 1001, et seq. Therefore, plaintiff is not entitled to any remedy not provided under ERISA.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Policy Defenses)**

19.    The Plan denies that they have any responsibility to plaintiff for the obligations alleged in plaintiff's complaint. If, however, the court should determine that the Plan has such responsibility, then plaintiff's claim against the Plan is subject to all of the conditions, exclusions, and limitations contained in the policy.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Discretionary Authority)**

20. The policy sued upon contains the following provision conferring discretionary authority upon The Hartford:

> The Plan has designated and named the Insurance Company [The Hartford] as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.

**NINTH AFFIRMATIVE DEFENSE**

**(Requirements for Attorneys' Fees Not Met)**

21. Plaintiff's claim does not meet the requirements for an award of attorneys' fees under Ninth Circuit ERISA law. Therefore, plaintiff is not entitled to recovery of attorneys' fees against defendants, or any of them.

**TENTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

22. Defendants presently have insufficient knowledge or information from which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses to the extent that such additional defenses are determined to be appropriate.

WHEREFORE, defendants pray for judgment against plaintiff as follows:

1. That plaintiff take nothing by reason of his complaint on file herein;
2. That defendants be awarded their attorneys' fees and costs of suit herein; and

\\\
\\\
\\\
\\\
\\\

3. That the court grant such other and further relief as it may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Date: December ___, 2007          By_____/S/_____
                                              Laura E. Fannon
                                          Attorneys for Defendant
                                    HARTFORD LIFE AND ACCIDENT
                                          INSURANCE COMPANY

## **CERTIFICATE OF INTERESTED PARTIES**

Each defendant hereby identifies any parent corporation and any publicly held corporation that owns 10 percent or more of its stock, as follows:

1. As to defendant Hartford Life and Accident Insurance Company, entities having a financial interest in the outcome of this lawsuit include:

   The Hartford Financial Services Group, Inc., Delaware

   Hartford Holdings, Inc., Delaware

   Hartford Life, Inc., Delaware

   Hartford Life and Accident Insurance Company, Connecticut

2. As to defendant Long-Term Disability and Life Plan for Employees of Minnesota Methane LLC:

   None.

Other than the entities listed above, defendants are not aware of any other persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest of any kind in the subject matter in

controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: December __, 2007                    KELLY, HERLIHY & KLEIN LLP


By _____
    Laura E. Fannon
    Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and LONG-TERM
DISABILITY AND LIFE PLAN FOR
EMPLOYEES OF MINNESOTA METHANE
LLC

E:\27250\P01.doc