JULIAN M. BAUM (CA State Bar No. 130892)
THOMAS J. FUCHS (CA State Bar No. 148466)
BAUM & WEEMS
9 Tenaya Lane
Novato, California 94947
Telephone: (415) 892-3152
Facsimile: (415) 892-3096

Attorneys for Plaintiff
Mark Eppler

LAURA E. FANNON (SBN 111500)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, California 94104
Telephone:  415-951-0535
Facsimile:   415-391-7808

Attorneys for Defendants
Hartford Life and Accident Insurance
Company; Long Term Disability and
Life Plan for Employees of Minnesota
Methane LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK EPPLER, an individual, | )<br>) Case No. C 07-04696 WHA |
| Plaintiff, | )<br>) |
| v. | ) JOINT CASE MANAGEMENT<br>) CONFERENCE STATEMENT |
| | )<br>) AND PROPOSED ORDER |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY; LONG TERM<br>DISABILITY AND LIFE PLAN FOR<br>EMPLOYEES OF MINNESOTA METHANE<br>LLC, | )<br>) Date: December 20, 2007<br>) Time: 11:00 a.m<br>) Courtroom:<br>) Hon. William H. Alsup<br>) United States District Judge |
| Defendants. | )<br>) |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order.

**1.     Jurisdiction and Service**:

The Court has subject matter jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. 1001 *et seq.*, and the federal question jurisdictional statute, 28 U.S.C. 1331.  No issues exist as to venue, nor as to personal jurisdiction.  No additional parties remain to be served.  Plaintiff's First Amended Complaint was filed on December 4, 2007.  Defendants' Answer was filed on December 11, 2007.

**2.     Facts**:

Plaintiff's Statement:

Plaintiff Mark Eppler seeks long term disability benefits and related relief under an employee welfare benefit plan established by his former employer and governed by ERISA. Prior to his illness, Mr. Eppler was the Controller for Minnesota Methane LLC.  Mr. Eppler has a degree in Business Administration and finance from California State University, Sacramento, and served in the United States Air Force for approximately six years as a flight engineer.

Mr. Eppler suffers from an unusual form of obstructive sleep apnea, which has not responded to medication or even major surgery.  The result, as confirmed by his physicians and the Stanford Sleep Disorders Clinic, is that Mr. Eppler is unable to achieve so-called "restorative" sleep, and suffers symptoms similar to prisoners who are forced to undergo extended sleep deprivation: cognitive dysfunction, inability to concentrate or focus, difficulty in making decisions, poor basic memory recall, and serious headaches.  He is able to maintain a certain, impaired state of wakefulness and function by taking (among other things) an extraordinarily high dose of powerful psychoactive drugs.

On or about October 30, 2003 Mr. Eppler left work at Minnesota Methane. He received disability benefits starting April 29, 2004, based on his inability to perform the duties of his own occupation.

By letter dated April 28, 2006, defendant Hartford Life and Accident Insurance Company ("Hartford"), notified Mr. Eppler that benefits were being terminated as of April 29, 2006. Hartford stated that it had determined that Mr. Eppler could perform the duties and responsibilities of other occupations for which he was qualified and which would provide salaries that exceeded 60% of his Indexed Pre-Disability Earnings.

Plaintiff informed Hartford that he wished to appeal the termination of his benefits. By letter of October 3, 2006, plaintiff's counsel notified Hartford that Mr. Eppler wished to appeal, and requested specific claim documents and information to enable him to do so adequately. In particular, counsel "respectfully request[ed] that [Hartford] inform us of any particular additional information or records which you consider necessary to perfect Mr. Eppler's claim for benefits."

Under cover of a letter dated October 23, 2006, Hartford sent to plaintiff's counsel some but not all of the requested documents and information.

By letter dated November 30, 2006, Plaintiff's counsel requested again that Hartford provide all of the requested documents and information. In particular, counsel requested once again that Hartford inform plaintiff what sort of information and medical documentation it needed to support Mr. Eppler's claim for benefits. Counsel's letter also informed the Hartford that after receiving a response, Mr. Eppler intended to have these records and information reviewed by Mr. Eppler's physicians and/or an independent physician for evaluation and response.

Hartford declined to reinstate Mr. Eppler's benefits. This lawsuit followed.

Defendants' Statement:

The policy under which plaintiff was insured provided two years of benefits in the event of the employee's inability to perform the duties of his own occupation, and benefits to age 65 upon proof of the inability to perform the material and substantial duties of any occupation, as defined in the policy. The Hartford paid benefits to plaintiff for two years. At the end of this period, The Hartford conducted an investigation to determine whether plaintiff satisfied the more

stringent "any occupation" disability standard. To this end, The Hartford interviewed plaintiff, conducted an activity check, and consulted with plaintiff's own physicians. One of plaintiff's treating physicians, Dr. Gannon, affirmed that plaintiff was able to work full time, and two other treating physicians in different specialties deferred to Dr. Gannon's opinion. The Hartford then conducted an employability analysis and determined that, taking into account the functional abilities noted by his own physicians, plaintiff was capable of performing the duties of 85 occupations, including his own.

On April 28, 2006, The Hartford wrote plaintiff a letter terminating his benefits. The letter advised plaintiff *inter alia* that he had 180 days to appeal the denial. On October 3, 2006, plaintiff's present counsel wrote to advise The Hartford that plaintiff wished to appeal and needed certain documents to permit him to do so. The Hartford immediately sent Mr. Baum the requested documents in its possession. However, no appeal was ever received by The Hartford, and The Hartford never received any correspondence from Mr. Baum after his October 3, 2006 letter. After the filing of this litigation, upon inquiry by defendants' counsel as to why no appeal was filed, Mr. Baum provided defendants' counsel with a copy of a letter to The Hartford and a medical report in support of an appeal. However, the letter was dated August 3, 2007, many months after the 180-day deadline for appeal had passed. Therefore, plaintiff failed to exhaust his administrative remedies, barring this action. *See Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust*, 50 F.3d 1478 (9th Cir. 1995) (upholding summary judgment in favor of the plan based upon the plaintiffs' failure to exhaust administrative remedies under ERISA).

**3.    Legal Issues**:

Plaintiff contends that his medical records demonstrate that he is disabled and entitled to insurance benefits under the terms of the ERISA plan and the governing federal law and regulations. Plaintiff contends that under ERISA and the decisions of this Court and the Ninth Circuit, defendants failed to comply with the terms of the plan, failed as Plan fiduciaries properly to investigate and evaluate Mr. Eppler's claim, and failed properly to conduct the "full

and fair review" required by established federal law and regulations. He seeks an order under ERISA Section 502(a) directing reinstatement and payment of his disability benefits.

Defendants contend that their decision(s) to terminate payment of Mr. Eppler's insurance benefits was legally and factually correct. Defendants also contend that Mr. Eppler did not exhaust his administrative remedies prior to filing suit, and that his suit is therefore barred.

Plaintiff contends that the standard of review by this Court is properly "*de novo*," (*i.e.*, without deference to defendants), because the ERISA plan documents do not satisfy defendants' burden of proof to invoke a deferential standard of review. Defendants contend that the ERISA plan documents are sufficient to provide for deferential review. They also contend that neither the merits of the original claim decision nor the issue of the applicable standard of review will be reached if the court upholds defendants' threshold exhaustion defense.

**4.  Motions**:

Defendants intend to file a motion for summary judgment or partial summary judgment on the ground that the plaintiff has failed to exhaust his administrative remedies. The defendants will be prepared to file such a motion within two weeks from the date of the Case Management Conference, and will request a hearing date in February 2008, or the first available hearing date thereafter. The defendants wish to have their motion heard prior to alternative dispute resolution proceedings and believe that no ADR proceeding will be productive until the viability of the dispositive exhaustion defense has been adjudicated. Defendants believe this procedure will result in the most efficient resolution of this lawsuit on a threshold legal issue. Because this defense goes to plaintiff's very right to file this lawsuit and is very limited in terms of its scope and evidence to be considered, defendants assert that it is appropriate to consider this defense in advance of cross-motions on the merits of the claim.

Plaintiff respectfully suggests that this case may be resolved expeditiously by a single motion for judgment under Fed. R. Civ. P. 52, rather than a series of motions by each side. Plaintiff believes that he has several, independently dispositive grounds for judgment in his favor. However, these may be presented to the Court in a single motion for judgment under Rule

52 rather than serial motions for partial summary judgment. This is the procedure established in 1999 by the Ninth Circuit and employed by district courts since then. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.)(*en banc*), *cert. den.* 120 U.S. 398 (1999). *See Gonzalez v. Guarantee Mut. Life*, 1999 WL 329096, at 3 (N.D. Cal. 1999)("*Kearney* 'prescribes a 'novel form of trial' to be conducted in ERISA benefit cases."); *See also Thompson v. Standard Ins. Co.*, 167 F.Supp. 2d 1186, 1187 (D. Or. 2001)(under ERISA, motions for judgment more appropriate, under *Kearney*, than motions for summary judgment.) *Cf. Sabbatino v. Liberty Life Assur. Co. of Boston*, 286 F. Supp. 2d 1222, 1234 (N.D. Cal. 2003)(Wilken, J.)(deciding cross-motions for summary judgment under Rule 56 and ordering further trial by motion for judgment under Rule 52).[1]

    **5**.    **Amendment of Pleadings**:

The parties currently do not anticipate any further amendments of the pleadings.

    **6.**    **Evidence Preservation**:

The plaintiff is unaware of any relevant issues concerning preservation of evidence in this case. The defendants represent that they have taken proper measures for the preservation of evidence.

    **7.**    **Disclosures**:

The parties expect to complete their Rule 26 initial disclosures by December 13, 2007, which is the date set by the Court's initial scheduling order.

    **8.**    **Discovery**:

No discovery has taken place to date. The parties respectfully suggest that after completing their Initial Disclosures, they will be able to assess whether any discovery is necessary, and the scope of that discovery, and to be prepared to discuss the matter at the Court's Case Management Conference.

///

---

[1] Under this procedure, unlike cross-motions for summary judgment, the Court weighs the evidence and determines disputed questions of fact. *See, e.g., Kearney*, 175 F.3d at 1095 n.6

9. **Class Actions**:

   Not applicable.

10. **Related Cases**:

    There are no related cases.

11. **Relief**:

    Plaintiff seeks the following relief: past due benefits ("back benefits") due under the ERISA plan and insurance policy, a declaration regarding his rights to future benefits under the ERISA plan, related equitable relief, prejudgment interest, and attorneys' fees and costs.

    Defendants dispute that any benefits are payable. However, should this court determine that plaintiff is entitled to benefits, such benefits will be subject to certain offsets for other benefits received, pursuant to the terms of the policy.

12. **Settlement and ADR**:

    The parties have agreed to engage in Early Neutral Evaluation under the Court's ADR Rules and procedures, and have filed a formal stipulation to that effect. Defendants respectfully suggest that ENE will be productive only after a hearing on their motion for summary judgment or partial summary judgment on the exhaustion issue. At this time, the ENE conference has not been scheduled by the Court's ADR Unit.

13. **Consent to Magistrate for all Purposes**:

    Plaintiff consents to assignment to a Magistrate Judge of this Court for all purposes. The defendants oppose assignment of this case to a Magistrate Judge.

14. **Other References**:

    The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

///

---

(findings of fact subject to appellate review under the "clearly erroneous" standard of Rule 52, rather than the *de novo* review of summary judgment decisions under Rule 56).

**15.    Narrowing of Issues**:

Defendant intends to file a motion for summary judgment or partial summary judgment on the exhaustion of remedies defense, as discussed above. Plaintiff expects to file a motion for judgment by the Court under Fed. R. Civ. P. 52, as discussed above, and expects that defendants would file a combined opposition and cross-motion for judgment in their favor.

The parties do not currently anticipate any request otherwise to bifurcate issues, claims, or defenses.

**16.    Expedited Schedule**:

Not applicable.

**17.    Scheduling**:

Scheduling of pre-trial motions and trial will depend upon whether the Court is inclined to hear motions by the parties on their substantive or procedural contentions prior to ADR and prior to resolution of any discovery issues, in particular as discussed above.

**18.    Trial**:

Plaintiff expects to file a motion for judgment by the Court under Fed. R. Civ. P. 52, and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.)(*en banc*), *cert denied* 120 U.S. 398 (1999) and expects that the defendants would file a combined opposition and cross-motion for judgment in their favor. The parties agree that under current Ninth Circuit law, a jury trial is not available under ERISA.

**19.    Disclosure of Non-party Interested Entities or Persons**:

Pursuant to Civil L.R. 3-16, plaintiff certifies that as of this date, other than the named parties, there is no such interest to report.

As to defendant Long Term Disability and Life Plan for the Employees of Minnesota Methane LLC there are no such interests to report. As part of its Answer to Amended Complaint, defendant Hartford Life and Accident Insurance Company listed the following entities as having a financial interest in the outcome of this lawsuit: The Hartford Financial

Services Group, Inc., Delaware; Hartford Holdings, Inc., Delaware; Hartford Life, Inc., Delaware; and Hartford Life and Accident Insurance Company, Connecticut.

**20.** **Other matters that may facilitate the just, speedy and inexpensive disposition of this matter**: No other matters other than those set forth above.

Respectfully submitted,

JULIAN M. BAUM
THOMAS J. FUCHS
BAUM & WEEMS

*Signed by Julian M. Baum*

Dated: December 13, 2007    By: _____
JULIAN M. BAUM
Attorneys for Plaintiff
MARK EPPLER


LAURA E. FANNON
KELLY, HERLIHY & KLEIN LLP

*Signed by Laura E. Fannon*

Dated:  December 13, 2007    By: _____
LAURA E. FANNON
Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT AND
INSURANCE COMPANY; LONG TERM
DISABILITY AND LIFE PLAN FOR
EMPLOYEES OF MINNESOTA METHANE LLC


### CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

*[The Court may wish to make additional orders, such as:*

*a.     Referral of the parties to court or private ADR process;*

b.      *Schedule a further Case Management Conference;*

c.      *Schedule the time and content of supplemental disclosures;*

d.      *Specially set motions;*

e.      *Impose limitations on disclosures or discovery;*

f.      *Set time for disclosure of identity, background and opinions of experts;*

g.      *Set deadlines for completing fact and expert discovery;*

h.      *Set time for parties to meet and confer regarding pretrial submissions;*

i.      *Set deadlines for hearing motions directed to the merits of the case;*

j.      *Set deadline for submission of pretrial material;*

k.      *Set date and time for pretrial conference;*

l.      *Set a date and time for trial.]*

**IT IS SO ORDERED.**

Date:_____      By:_____
                                                                    William H. Alsup
                                                                    United States District Judge

**DECLARATION RE CONCURRENCE OF SIGNATORIES**

**UNITED STATES DISTRICT COURT, N.D. CAL.**

**GENERAL ORDER 45**

The undersigned ECF filer hereby attests that concurrence in the filing of the foregoing document has been obtained from each of the other signatories whose signature is indicated by the notation " /s/ [name of signatory]."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2007              /s/ Julian M. Baum
                                       Julian M. Baum
