LAURA E. FANNON (SBN 111500)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, LONG-TERM DISABILITY AND LIFE PLAN
FOR EMPLOYEES OF MINNESOTA METHANE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. EPPLER,<br><br>  Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; LONG-TERM DISABILITY AND LIFE PLAN FOR EMPLOYEES OF MINNESOTA METHANE LLC,<br><br>  Defendants. | Case No.: C07-04696 WHA ADR<br><br>**DECLARATION OF KAREN SWANSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ ADJUDICATION RE EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>Date: February 7, 2008<br>Time: 8:00 a.m.<br>Courtrooom: 9<br><br>Hon. William H. Alsup<br><br>Documents Attached:<br>1. Notice, Motion, and Memorandum;<br>2. Anderson Declaration;<br>3. Fannon Declaration;<br>4. Proposed Order. |

I, Karen Swanson, declare as follows:

1. I am employed by Hartford Life and Accident Insurance Company ("The Hartford") as a Team Leader, Operations Support Staff, in The Hartford's Minneapolis Disability Claim Office in Bloomington, Minnesota. This declaration is submitted in support of defendants' motion for summary judgment or adjudication re: exhaustion of administrative remedies. The following is based upon my personal knowledge of the facts stated herein and of the records maintained by The Hartford in the regular course of conducting its business. If called as a witness, I could and would testify competently to the following facts.

2. I have been employed by The Hartford in its Minneapolis Disability Claim Office for 14 years, and I have served as a Team Leader in the Operations area since January 2006. In my capacity as Team Leader, Operations Support Staff, I oversee eight service associates who attend to incoming and outgoing mail, facsimile transmissions, and telephone calls. I am specifically familiar with the mailroom operations and the procedures for receipt and delivery of mail and with the way correspondence is processed and reflected in The Hartford's computer database.

3. Specifically with respect to the procedures for processing mail, in 2006 and 2007 the procedure has been that mail from outside the company is received by two service employees in our mailroom. It is date stamped upon receipt, and the service employees who open and stamp the mail deliver it to the appropriate recipients. If the name of the claim examiner appears on the correspondence, the service employee who opens that piece of correspondence will put the examiner's initials on it and will personally deliver it to the intended recipient. If the name of the claim examiner does not appear on the correspondence, the service employee who opens the correspondence will look up the name of the claim examiner assigned to the case on our computer database and then deliver it to that individual. All mail is delivered to its recipients by 2:00 p.m. of the day it is received from the United States Post Office at this address, 3800 American Blvd. W., Suite 600, Bloomington, MN 55431.

4. Laura Fannon, Esq., our attorney of record in this case, has provided me with copies of documents that were produced by plaintiff during this action. These include a letter from Julian Baum, Esq., addressed to this office and dated November 30, 2006; and another letter from Mr. Baum, also addressed to this office, dated August 2, 2007, and referring to an enclosed medical report from a Dr. Lewis. Neither of these documents was addressed to a particular examiner. Therefore, if they had been received in the mailroom shortly after the dates they bear, the service employees would have looked in the computer database to determine to whom the correspondence should be delivered. I have reviewed the online Summary Detail Report (K6 Comments) and have determined that the examiner assigned to the claim at those times in each instance was Corey D. Johnson. Therefore, at those times, the service employee who opened the mail would have delivered any generally addressed correspondence on Mr. Eppler's claim to Mr. Johnson.

5. Because the mail buckets are delivered directly by the U.S. Postal Service to our mailroom and then delivered to the designated claim examiners by the individuals who open the mail, there is little or no opportunity for mail to be lost or misdirected once it arrives in our office. If any mail were lost or misdirected by the Operations Support Staff, I would be notified of any complaints. During the relevant time period, November 30, 2006 through the first week of August, 2007, I did not receive any complaints about missing mail from anyone in the Benefits/claims area.

6. The two pieces of correspondence from Julian Baum, Esq., that were provided to me by our attorney do not indicate that they were sent by facsimile transmission. However, we do maintain an electronic record of faxes received. I checked this record for August 2, 2007, the date of the letter, as well as August 3 and 4, 2007, and determined that no fax was received from Mr. Baum on any of those days. The fax records for November 30, 2006, and the two days following are being retrieved from storage and should be available by the end of this week.

///

///

///

-2-
DECLARATION OF KAREN SWANSON IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION RE EXHAUSTION OF ADMINISTRATIVE REMEDIES
CASE NO. C07-04696 WHA ADR

1  I will file a supplemental declaration disclosing the results of my review of the facsimile
2  transmission records for those dates as soon as I have completed my review.
3     I declare under penalty of perjury under the laws of the State of California and of the
4  United States that the foregoing is true and correct. Executed this __4__ day of January, 2008, at
5  Bloomington, Minnesota.

*Karen Swanson*
KAREN SWANSON

E:\27250\P07

-3-
DECLARATION OF KAREN SWANSON IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION RE EXHAUSTION OF ADMINISTRATIVE REMEDIES
CASE NO. C07-04696 WHA ADR