LAURA E. FANNON (SBN 111500)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, LONG-TERM DISABILITY AND LIFE PLAN
FOR EMPLOYEES OF MINNESOTA METHANE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. EPPLER,<br><br>           Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; LONG-TERM DISABILITY AND LIFE PLAN FOR EMPLOYEES OF MINNESOTA METHANE LLC,<br><br>           Defendants. | Case No.: C07-04696 WHA ADR<br><br>**DECLARATION OF TODD E. ANDERSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ ADJUDICATION RE EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>Date: February 7, 2008<br>Time: 8:00 a.m.<br>Courtrooom: 9<br><br>Hon. William H. Alsup<br><br>Documents Attached:<br>1. Notice, Motion, and Points and Authorities<br>2. Swanson Declaration;<br>3. Fannon Declaration;<br>4. Proposed Order. |

I, Todd E. Anderson, declare as follows:

1. I am employed by Hartford Life and Accident Insurance Company ("The Hartford") as an LTD Team Leader in The Hartford's Minneapolis Disability Claim Office in Bloomington, Minnesota. This declaration is submitted in support of defendants' motion for summary judgment or adjudication re: exhaustion of administrative remedies. The following is based upon my personal knowledge of the facts stated herein and of the records maintained by The Hartford in the regular course of conducting its business. If called as a witness, I could and would testify competently to the following facts.

2. I have been employed by The Hartford in it Minneapolis Disability Claim Office since August 2003 and have served as a Team Leader since January 2006. In my capacity as Team Leader, I am responsible for, among other things, investigating and evaluating disability claims and supervising Examiners in processing claims. In the course of my duties as a Team Leader, I have access to all records pertaining to claims processed by this office and to related documents, including the policies under which the claims are administered. As part of my duties, I also participate in the creation and maintenance of claim files and am familiar with the procedures by which mail from outside the company is processed and distributed.

3. Communications from outside the company are delivered to the Examiner assigned to the claim by the service employees in our mailroom who open the mail. Mail is retained at the Examiner's desk until it is processed, which is to occur within five business days of receipt. Processing of mail includes summarizing the information received in the electronic K6 Comments (titled "Summary Detail Report"), updating the claim assessment and plan accordingly, and securing the documents in the claim file. All claim-related communications within the company and from or to individuals outside the company, verbal or written, are reflected in the K6 Comments. Corey Johnson, who reported to me, was the Examiner on the claim through August 17, 2007.

4. I am familiar with the claim and file pertaining to Mark Eppler, plaintiff in this action. The file reflects that Mr. Eppler's claim arose on October 30, 2003. My job duties as Team Leader require frequent access to policy documents relating to the claims assigned to me,

-2-

1  as well as familiarity with The Hartford's procedures concerning record-keeping of policy and
2  claim files and procedures for retrieving and verifying policy and claim data in The Hartford's
3  computer databases. The policy attached hereto as **Exhibit 1** is a true, correct, and complete
4  copy of The Hartford's Group Policy Number 302812(GRH/GLT/GVL) issued to Minnesota
5  Methane LLC and containing coverages for short and long term disability, as well as life and
6  accidental death and dismemberment, for the benefit of eligible employees of Minnesota
7  Methane LLC. The summary plan descriptions for each of these coverages, including the long
8  term disability coverage, are contained in Exhibit 1. The provisions applicable to plaintiff's
9  claim appear at Bates pages E639 to E658, together with the ERISA provisions beginning at
10 page E677.

11      5.     **Exhibit 2** to this declaration consists of true and correct copies of documents
12 excerpted from Mr. Eppler's disability claim file. The attached documents appear in the file as
13 they do here except for the Bates numbering added by The Hartford's attorneys of record in this
14 action and the redaction of page E0001 for privilege.

15      6.     Mr. Eppler's claim file reflects that The Hartford's Minneapolis office received
16 only one letter from Mr. Baum, dated October 3, 2006, stating his intent to appeal. A copy of
17 this letter is contained in Exhibit 2, Bates pages E162-165. It was received by facsimile
18 transmission on that date and was received by U.S. Mail a few days later. Based upon my
19 knowledge of the procedures for documenting claim-related mail, I can affirm that The Hartford
20 has not at any time received any other correspondence from Mr. Baum, whether by fax or by
21 mail. It never received an appeal from him.

22      7.     Laura Fannon, Esq., our attorney of record in this case, has provided me with
23 copies of documents that were produced by plaintiff during this action. These include a letter
24 addressed to this office and dated November 30, 2006; and another letter, also addressed to this
25 office, dated August 2, 2007 and referring to an enclosed medical report from a Dr. Lewis.
26 Neither of these documents was ever received in this office until a few days ago, through our
27 attorney in this action. I have made a diligent search for these documents in the claim file and
28 in the K6 Comments, the only places where they would be found, but did not find them.

1   8.   As no appeal was ever received, no administrative review was ever conducted
2  with respect to Mr. Eppler's claim before this lawsuit was served.
3      I declare under penalty of perjury under the laws of the State of California and of the
4  United States that the foregoing is true and correct. Executed this 28 day of December, 2007,
5  at Bloomington, Minnesota.

_____

TODD E. ANDERSON

E:\27250\P05