JULIAN M. BAUM (CA State Bar No. 130892)
THOMAS J. FUCHS
BAUM & WEEMS
9 Tenaya Lane
Novato, California 94947
Telephone: (415) 892-3152
Facsimile: (415) 892-3096

Attorneys for Plaintiff
MARK A. EPPLER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARK A. EPPLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; LONG TERM DISABILITY AND LIFE PLAN FOR EMPLOYEES OF MINNESOTA METHANE LLC,<br><br>Defendants. | ) | Case No. C07-04696 WHA<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION RE EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>Date: February 7, 2008<br>Time: 8:00 a.m.<br>Courtroom: Hon. William H. Alsup<br>United States District Judge |

## I. INTRODUCTION

This is an action for long-term disability benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). The parties disagree strongly about the underlying facts, and defendants deny receiving certain documents prior to this lawsuit. The Court, however, need not resolve those disputes on the present motion. The core undisputed, uncontestable facts demonstrate that defendants' motion should be denied under well-established Ninth Circuit law.

Plaintiff Mark A. Eppler suffers from an unusual form of obstructive sleep apnea, which has not responded to medication or even major surgery. The result, as confirmed by his physicians and the Stanford Sleep Disorders Clinic, is that Mr. Eppler is unable to achieve so-called "restorative" sleep, and suffers symptoms similar to prisoners who are forced to undergo extended sleep deprivation: cognitive dysfunction, inability to concentrate or focus, difficulty in making decisions, poor basic memory recall, and serious headaches. He is able to maintain a certain, impaired state of wakefulness and function by taking (among other things) an extraordinarily high dose of powerful psychoactive drugs. On or about October 30, 2003 Mr. Eppler left work at Minnesota Methane. He received disability benefits starting April 29, 2004, based on his inability to perform the duties of his own occupation.

Prior to his illness, plaintiff Mark Eppler was the Controller for Minnesota Methane LLC. Mr. Eppler has a degree in Business Administration and finance from California State University, Sacramento, and served in the United States Air Force for approximately six years as a flight engineer.

Defendants paid long-term disability benefits to Mr. Eppler from April, 2004 to April, 2006. They terminated payment of his benefits by letter dated April 28, 2006. By letter of October 3, 2006, plaintiff notified defendants that he wished to appeal the termination of his benefits. Defendants contend that plaintiff did nothing more before defendant The Hartford closed its file in December, 2006. On this motion, defendants contend that plaintiff's letter saying he "wished to appeal" was ineffective actually to appeal the termination of his benefits, but was, as a matter of law, merely the expression of an intention to do so in the future.

Accordingly, defendants argue, plaintiff never actually appealed to defendants to reconsider the termination of his benefits and plaintiff is therefore legally barred from seeking any relief from this Court under ERISA.[1]  In the alternative, defendants ask the Court to dismiss the action without prejudice, or to stay the action, to permit defendants to consider the matter further.

Even if defendants' statement of facts was accurate, defendants' motion would still be meritless under well-established law.  Nonetheless, and unfortunately, defendants' misstatement cannot go unchallenged.  Defendants do not dispute that by letter October 3, 2006, plaintiff's counsel wrote to The Hartford stating that Mr. Eppler wished to appeal the termination of his disability benefits and requesting that The Hartford produce its claim file and other documents to which plaintiff is entitled under the applicable ERISA regulations.   Defendants' Exh. 2 at E162-163.  *See* 29 C.F.R. § 2560.503(h)(2)(iii) and 29 C.F.R. § 2560.503(m)(8).  Significantly, counsel's letter "also respectfully request[ed] that you inform us of any particular additional information or records which you consider necessary to perfect Mr. Eppler's claim for benefits." Just last week, the Ninth Circuit took pains to point out that this is a *requirement* of ERISA, and has been required in the Ninth Circuit for more than 10 years.  *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, ___ F.3d ___, 2008 WL 80704, 5-6 (9th Cir. 2008)(defendant insurer was required to give the claimant "a description of any additional material or information that was necessary for her to perfect the claim, and to do so in a manner calculated to be understood by the claimant.")(quoting 29 C.F.R. § 2560.503-1(g)).

The Hartford responded by letter dated October 23, 2006, enclosing some, but not all of the requested documents and information.  Defendants' Exh. 2 at E133.  In particular, The Hartford's letter made no response whatsoever to the request that it tell plaintiff "what [plaintiff] must do to perfect [his] claim." *Saffon*, *supra* at *6.[2]  The Hartford also declined to produce a

---

[1] By this view, a trial attorney who says "Your Honor, I would like to move Exhibit A into evidence" is expressing only an intention, and is not actually moving anything into evidence.  Or, as here, defendants have not moved the Court for summary judgment.  Rather, Defendants' Notice of Motion says only that Notice is hereby given that February 7, 2008 . . . [the Court] will hear the instant motion . . . ."

[2] Defendants may not creditably argue on Reply that their original denial letter, dated April 28, 2006, satisfied the regulatory requirement.  That letter stated only that plaintiff could submit "written comments, documents, records and other information related to your claim."

copy of the Summary Plan Description governing the benefits plan, or its claims manual or other documents which demonstrate The Hartford's processes and safeguards designed to ensure and to verify that disability benefit claims determinations are made in accordance with the terms of the Summary Plan Description. *See* 29 C.F.R. 2560.503-1(m)(8)(iii).

On November 30, 2006, plaintiff's counsel wrote to defendant The Hartford, requesting once again that The Hartford produce all of the requested documents and information. Once again counsel requested that "[The Hartford] inform us of any particular additional information or records which you consider necessary to perfect Mr. Eppler's claim for benefits." Counsel's letter explained the reason for this request: "Once we have all of the requested documentation and information, we intend to have them reviewed by Mr. Eppler's physicians and/or an independent physician for evaluation and response." Declaration of Laura Fannon Exhibit 5.

Although they characterize it as irrelevant to their motion, defendants strenuously argue that they *never received this letter prior to this litigation*. They do not dispute, however, that there is nothing in the file (or elsewhere) showing that they ever made a response to the request (which is also set forth in the October 3, 2006 letter, which defendants do acknowledge receiving) that The Hartford specify what more, if anything, was needed to perfect Mr. Eppler's claim.

A few days later, on December 4, 2006, defendants deemed plaintiff's appeal to be "not submitted," and closed their file without further review or consideration. Defendants' Motion at 5:10-13.

On August 2, 2007, plaintiff's counsel wrote to The Hartford, enclosing a written report by plaintiff's independently examining physician, Thomas B. Lewis, M.D. Dr. Lewis is a board-certified Neuropsychiatrist, and holds an appointment on the clinical teaching staff of the University of California, San Francisco School of Medicine. At counsel's request, Dr. Lewis had

---

Defendants' Exh. 2 at E171. *See Cheng v. Unum Life Insurance Co. of America,* 291 F. Supp. 2d 717, 721 (N.D. Ill. 2003), citing *Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685, 693 (7th Cir. 1992)("The letter simply indicated that if Mr. Cheng had 'new, additional information to support

examined Mr. Eppler, reviewed his voluminous medical records, and had spoken with one of Mr. Eppler's treating physicians. Fannon Decl. Exhs . 3 and 4. Again, although they characterize this letter and enclosed report as irrelevant, defendants strenuously deny receiving it before this litigation.

Plaintiff filed his suit on September 12, 2007.

## II. ARGUMENT

Under well-established law, defendants' motion should be denied on at least three independently dispositive grounds.

First, plaintiff's letter dated October 3, 2006 was legally sufficient to "appeal" defendants' termination of his benefits. It was sufficient, as a matter of law, that plaintiff notify defendants, within 180 days of receipt of defendants' termination letter, that he desired to appeal. It was not necessary that he submit all supporting materials or information at that time. *Smith v. Retirement Fund Trust*, 857 F.2d 587, 591-92 (9th Cir. 1988)("exhaustion of available administrative remedies" under ERISA does not require that plaintiff include all supporting evidence.) At that point, even if plaintiff submitted nothing further, The Hartford was obligated to provide a full and fair review of the termination decision, without deference to the initial decision, and in consultation with medical professionals who were neither involved in the original decision nor subordinate to anyone who was involved in that decision. 29 C.F.R. §§2560.503-1(h)(3)(v) and 2560.503-1(h)(3)(ii) . At that point, "if Defendants had found Plaintiff's appeal lacking, it was their responsibility to inform Plaintiff so that [he] could perfect [his] claim. Defendants did not do so and, therefore, Plaintiff's appeal was sufficient." *Arbanas v. Metropolitan Life Ins. Co*., 2006 U.S. DIST LEXIS 18813, *38 (N.D. Cal. 2006).

Second, defendants' denial letter was insufficient, as a matter of law, to trigger the running of a 180-day appeal deadline. In the Ninth Circuit, it has long been the law that a denial letter that does not comply with ERISA's regulatory requirements does not operate to

[his] request for disability benefits," he should send it to Unum. Such a 'blanket request' for additional information does not satisfy the regulatory requirement.")

trigger a deadline to appeal. *White v. Jacobs Eng'g Group Long Term Disability Benefit Plan,* 896 F.2d 344, 350-52 (9th Cir. 1989). The Ninth Circuit recently reaffirmed the vitality of the *White* rule. *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1033 (9th Cir. 2006). This does not, of course, mean that there can be no finality where the denial letter is defective. In *Chuck*, the Ninth Circuit held that the applicable four-year statute of limitation serves as a salutary and sufficient time limit in such cases. *Id.*

29 C.F.R. §2560.503-(1)(g)(1)(iii) directs that denial letters "shall set forth, in a manner calculated to be understood by the claimant . . . (iii) [a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." After last week's *Saffon* decision, it is beyond reasonable dispute that defendants' admitted failure to do so, or even subsequently to respond to plaintiff's October 3, 2006 request for this information(which defendants do acknowledge receiving) bars defendants' argument.

Defendant's denial letter, and its October 23, 2006 response to plaintiff's request for documents and information, was also defective, as a matter of law, for failure to produce the Summary Plan Description and The Hartford's claims manual or other claims-determination guidelines. This independently renders defendants' denial letter insufficient to trigger any appeal deadline under *White*. 29 C.F.R. §§2560.503-(1)(h)(2)(iii) and 2560.503-1(m)(8) mandate that plan administrator provide claimants with all documents which "was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination," 29 C.F.R. § 2560.503-1(m)(8)(ii). Similarly, 29 C.F.R. § 2560.503-1(m)(8)(iv) mandates production of all documents that "constitute[] a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." These categories of required documents necessarily encompass the Summary Plan Description, which may govern the claim even over the group insurance policy itself. *E.g. Banuelos v. Construction Laborers' Trust Fund*, 382 F.3d 897, 904 (9th Cir. 2004) ("Courts will

generally bind ERISA defendants to the more employee-favorable of two conflicting documents - even if one is erroneous"). These categories also by their explicit terms call for production of The Hartford's claims manual (however it is formally denominated) and other internal guidelines considered by claims personnel making disability claims determinations.

Third, defendants' denial letter of April 28, 2006 did not specify that plaintiff was required, within 180 days, not only to request an appeal, but to complete his submission of supporting information. This distinction, and the requirement that any deadline be stated in the denial letter as well as in plan documents, is well-established in ERISA jurisprudence. E.g. *Burke v. Kodak Retirement Income Plan*, 336 F3d 103, 108 (2d Cir. 2003)(citing *White v. Jacobs Eng'g Group Long Term Disability Benefit Plan,* 896 F.2d 344, 350 (9th Cir.1989)). Defendants' letter provided that in order to appeal, plaintiff "must write to us within one hundred eighty (180) days of your receipt of this letter." Defendants' Exhibit 2 at E171. With respect to supporting information, the letter states that "[a]long with your appeal letter you *may* submit written comments, documents, and other information related to your claim." *Id*. As the Second Circuit explained in *Burke (*which was in turn based on the Ninth Circuit's decision in *White*), this distinction between the mandatory "must" and the permissive "shall" is binding and dispositive.

**III. CONCLUSION**

For these reasons, defendants' motion should be denied. Even considering only those facts which defendants admit, plaintiff timely notified defendants that he desired reconsideration of defendants' termination of his insurance benefits. At that point, with nothing further, defendants were obligated to conduct a full and fair review, by individual claims and medical personnel who were independent of those who had made the initial decision to terminate plaintiff's benefits. Defendants concede that no such review was undertaken. Under well-established law, defendants may not now seek to bar plaintiff from seeking his remedies in this Court under ERISA.

///

Dated January 17, 2008

Respectfully submitted,

JULIAN M. BAUM
THOMAS J. FUCHS
BAUM & WEEMS

*Signed by Julian M. Baum*

By: ____________________
JULIAN M. BAUM
Attorneys for Plaintiff
MARK EPPLER

Plaintiff's Opposition To Motion For Summary Judgment/Adjudication Page 8 of 8 Case No. C07-04696 WHA