LAURA E. FANNON (SBN 111500)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, LONG-TERM DISABILITY AND LIFE PLAN
FOR EMPLOYEES OF MINNESOTA METHANE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. EPPLER,<br><br>       Plaintiff,<br><br>    vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY; LONG-TERM<br>DISABILITY AND LIFE PLAN FOR<br>EMPLOYEES OF MINNESOTA<br>METHANE LLC,<br><br>      Defendants. | Case No.: C07-04696 WHA ADR<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/ADJUDICATION RE EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>Date:  February 7, 2008<br>Time:  8:00 a.m.<br>Courtrooom: 9<br><br>Hon. William H. Alsup |

1    Defendants reply as follows to plaintiff's Opposition to defendants' motion for summary

2  judgment or adjudication based upon failure to exhaust administrative remedies.

3                                    **ARGUMENT**

4                                          I

5                **THERE IS NO EVIDENCE THAT PLAINTIFF'S ATTORNEY**

6           **SENT ANYTHING TO THE HARTFORD AFTER OCTOBER 3, 2006**

7           In its moving papers, The Hartford submitted two declarations to support the statements

8  in its file that it had received nothing from plaintiff Mark Eppler or his attorney, Julian Baum,

9  Esq., beyond his initial letter of October 3, 2006.  Specifically, the declarations of Karen

10 Swanson and Todd Anderson confirmed that The Hartford never received Mr. Baum's proffered

11 November 30, 2006 letter (Fannon Ex. 3) or the August 2, 2007 letter enclosing Dr. Lewis's

12 report (Fannon Exs. 4 and 5).  These documents were provided to the court only because it was

13 awkward to proffer testimony about documents that were *not* received without showing the

14 court (and the witnesses) the documents referred to.

15          Plaintiff's Opposition does not raise any triable issue of fact concerning the sending,

16 receipt, or even existence of these documents on the dates they bear:  plaintiff has submitted no

17 evidence at all in his Opposition that the letters actually were sent.  His attorney provided these

18 letters to the undersigned attorney during the litigation, but this fact does not constitute evidence

19 that they were sent to The Hartford on the dates they bore, or at any time.  These documents are

20 neither part of the administrative record nor properly before the court except to prove that they

21 were never received, which The Hartford has done.

22                                         II

23        **THE DENIAL LETTER SATISFIED THE ERISA REGULATIONS AND THEREBY**

24          **TRIGGERED THE RUNNING OF THE 180-DAY DEADLINE FOR APPEAL**

25 A.      **The Letter Contained the Information Necessary To Allow Plaintiff To Prepare His**

26          **Appeal.**

27          Plaintiff argues that The Hartford's April 26, 2006, letter (Anderson Decl., Ex. 2, at

28 E165 to E172) failed sufficiently to apprise plaintiff of what was needed to perfect his claim,

-1-

1  such that, under Ninth Circuit law, the 180-day limitation period was never triggered.  Plaintiff

2  fails to consider the letter as a whole in making this argument.

3       First, the letter sent to plaintiff is distinguishable from those described in the Ninth

4  Circuit's decision in *White v. Jacobs Engineering Group Long Term Disability Benefit Plan,*

5  896 F.2d 344, 350-52 (9th Cir. 1989), as well as in its more recent decisions in *Chuck v.*

6  *Hewlett-Packard Co.*, 455 F.3d 1026 (9th Cir. 2006), and *Saffon v. Wells Fargo & Co. Long*

7  *Term Disability Plan,* 2008 U.S. App. LEXIS 334 (9th Cir. Jan. 9, 2007).  In *White*, the denial

8  letter at issue failed to satisfy three of the four requirements of the then applicable version of the

9  Department of Labor regulations governing ERISA claims, 29 C.F.R. section 2560.503-1.

10  Subdivision (f) of the 1980 version of the regulations required claim administrators to

11      provide to every claimant who is denied a claim for benefits written notice setting forth in

12      a manner calculated to be understood by the claimant:

13      (1) The specific reason or reasons for the denial;

14      (2) Specific reference to pertinent plan provisions on which the denial is based;

15

16      (3) A description of any additional material or information necessary for the claimant to
    perfect the claim and an explanation of why such material or information is necessary;

17      and

18      (4) Appropriate information as to the steps to be taken if the participant or beneficiary
    wishes to submit his or her claim for review.

19

20  29 C.F.R. § 2560.503-1(f) (1980).  Because the denial letter in *White* was so uninformative on

21  three of these four counts, the claimant was given virtually no guidance to inform any

22  contemplated appeal.  In the factual context of *White,* a generic invitation to the claimant to

23  provide further information if desired was insufficient.  In *Chuck*, which involved a pension

24  plan, the court also found that the plan's denial letter failed to satisfy three of the four

25  requirements of the 1980 version of section 2560.503-1, containing as it did one line directed to

26  the reason for the denial and nothing else to guide the claimant in responding to the letter.  *Id.* at

27  1032.  "Although we have held that substantial compliance with these requirements is

28

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/ADJUDICATION RE EXHAUSTION OF
ADMINISTRATIVE REMEDIES
CASE NO. C07-04696 WHA ADR

1  sufficient, *see Brogan v. Holland,* 105 F.3d 158, 165 (9th Cir. 1997), here we find it plain that

2  HP came nowhere close to complying. . . ." *Id.*

3      In *Saffon,* the denial letter under review explained only that "[t]he medical information

4  provided no longer provides evidence of disability that would prevent you from performing

5  your job or occupation.  You no longer meet the definition of disability therefore your claim has

6  been withdrawn . . . ." 2008 U.S. App. LEXIS at *12.  The letter advised Saffon that she could

7  appeal the decision by providing "medical evidence from the doctor(s) treating you for a

8  condition that indicates you are under the appropriate care and treatment and objective medical

9  information to support your inability to perform the duties of your occupation." *Id.*  The court

10  described the letter as "uninformative," in that it did not explain why the information that

11  Saffon already had provided was insufficient to support her claimed inability to perform the

12  duties of her occupation. *Id.* at *15-16.

13      In contrast, the body of the eight-page, single-spaced letter sent to Mr. Eppler contained

14  ample descriptions of the gaps and inconsistencies in the support for plaintiff's claim.  The letter

15  recites that plaintiff claimed that he suffered from hypersomnolence, constant fatigue, and

16  related problems, as well as orthopedic problems from deteriorating joints that prevented him

17  from, e.g., standing for more than 10 or 15 minutes or walking more than a block before having

18  to get off his feet from pain.  E168-169.  The Hartford's April 26, 2006 letter described

19  videotaped activities that contrasted markedly with his described limitations, including

20  walking at a brisk pace, driving, getting in and out of a truck, walking down steps
    without the use of an available railing, carrying a bag of baseballs in both hands, pulling
    an athletic bag on wheels, placing most of your weight on each leg, bending at the waist,

21  continuously on your feet for at least 34 minutes at a time, sitting continuously for 34

22  minutes at a time, and reaching in all directions.

23  E168.  The letter also described an independent medical review of the claim, in which plaintiff's

24  own treating physicians concurred.  The letter noted that plaintiff's own physician viewed

25  plaintiff's sleep apnea as having been improved in some measure by corrective surgeries.  E170.

26  The letter described plaintiff's education and skills and The Hartford's assessment of positions

27  for which he might be qualified, taking into consideration his physical restrictions.  E170-171.

28  The letter then described his appeal rights under ERISA.  E171-172.

The Hartford's letter fully apprised plaintiff of all of the information necessary to permit a meaningful appeal. At a minimum, the letter substantially, if not fully, satisfied the current version of the DOL claim regulation, section 2560.503-1(g) and (h).[1] The letter's concluding

_____

[1] The current version of the statute, 29 C.F.R. § 2560.503-1(g), requires that notification of an adverse benefit determination set forth, in a manner calculated to be understood by the claimant:

(i)    The specific reason or reasons for the adverse determination;

(ii)    Reference to the specific plan provisions on which the determination is based;

(iii)    A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material is necessary;

(iv)    A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

(v)    In the case of an adverse benefit determination by a group health plan or a plan providing disability benefits,

(A)    If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; . . .

In addition, section 2560.503-1(h) provides that the plan must establish claim procedures that:

(i) Provide claimants at least 60 days following receipt of a notification of an adverse benefit determination within which to appeal the determination;

(ii) Provide claimants the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits;

(iii) Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section;

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/ADJUDICATION RE EXHAUSTION OF ADMINISTRATIVE REMEDIES
CASE NO. C07-04696 WHA ADR

1   invitation to plaintiff to provide "comments, documents, records, and other information relating

2   to" plaintiff's claim is taken directly from section 2560.503-1(h)(ii) and, in any event, cannot be

3   read in isolation from the rest of the letter.

4       Second, plaintiff did not need to send The Hartford any additional information to

5   "perfect his claim." The letter expressly stated, in fact, "You may appeal our decision even if

6   you do not have new information to send us." E171. The problem was that plaintiff never

7   clearly stated that he *was* appealing. His Opposition argues that his October 3, 2006 letter was

8   sufficient as an appeal. However, it is obvious that The Hartford understood Mr. Baum's

9   ambiguous letter of that date to be one preparatory to an appeal and not an appeal in and of

10  itself. The Appeal Unit's October 9, 2006 letter to Mr. Baum (E133.C) stated, "We have

11  received your letter indicating that you *intend to appeal . . .*" (emphasis added) and concluded,

12  "Please note that the complete appeal must be submitted to us by December 4, 2006." *Id.*

13  When The Hartford received nothing more from plaintiff after having sent his attorney the

14  administrative record, it reasonably assumed that they had reviewed the record and decided not

15  to appeal.

16      Although plaintiff was not required to send anything further in support of his claim, it

17  certainly was incumbent upon plaintiff to make his intentions in that regard clear, particularly in

18  light of the understanding, expressed in The Hartford's October 9, 2006 letter, that the October

19  3, 2006 letter did not itself constitute an appeal. The Hartford was under no obligation to keep

20  the claim open indefinitely; and its October 9th letter to Mr. Baum clearly stated that the

21  (extended) deadline for plaintiff to complete his appeal was December 4, 2006. As The

22  Hartford had received nothing by that date, the file was properly closed.[2]

23

24

25          (iv) Provide for a review that takes into account all comments, documents,
            records, and other information submitted by the claimant relating to the claim,
26          without regard to whether such information was submitted or considered in the
            initial benefit determination.
27

28  [2]    Notably, plaintiff's Opposition contains no explanation, let alone admissible evidence,
           addressing why he waited 10 months to send in a medical report.

-5-

1  **B.     Plaintiff Has Presented No Evidence That The Hartford's Production of Requested**
2  **Documents Was Insufficient.**

3       Aside from the adequacy or inadequacy of the denial letter, plaintiff additionally argues

4  that The Hartford failed to provide him with the Summary Plan Description (SPD) or with The

5  Hartford's claims manual or guidelines.  Opposition at 6.  As to the SPD, plaintiff himself

6  acknowledges that it is the duty of the *plan administrator* to provide claimants with copies of

7  the SPD.  Opposition at 6.  The Hartford's October 23, 2006 cover letter enclosing the

8  administrative record (Ex. 2 at E133) in fact directed Mr. Baum to the Plan Administrator,

9  policyholder Minnesota Methane, for additional plan documents.  (See *id.* and Ex. 1 at E677,

10  identifying Minnesota Methane as the Plan Administrator.)  Plaintiff has not presented any

11  evidence to the court with respect to whether the Minnesota Methane did so.  Moreover, the

12  policy that The Hartford concededly did provide to plaintiff contains the booklet-certificate,

13  which completely describes the coverage at issue.  Plaintiff suffered no prejudice by reason of

14  the alleged failure to receive a summary of that coverage.

15       As to the claims manuals, plaintiff assumes that The Hartford consulted or was guided

16  by documents other than the policy provisions, which were quoted in the denial letter.  Again,

17  plaintiff has proffered no evidence to support this assumption, which therefore must be

18  disregarded on this motion.

19                                          **III**

20  **EVEN IF THE EXTENDED 180-DAY LIMIT IS HELD TO BE UNENFORCEABLE,**

21  **PLAINTIFF STILL MUST EXHAUST HIS ADMINISTRATIVE REMEDIES**

22       Even if this court should deem the denial letter inadequate to trigger the 180-day

23  window for appeal (as extended by The Hartford for 60 days), the policy required plaintiff to

24  appeal before filing suit.  (See discussion in defendants' moving papers.)  In his Opposition,

25  plaintiff argues that if the 180-day limitation cannot be enforced, he is entitled to have this court

26  adjudicate the merits of his disability claim.  This is not what the case law holds.  *See, e.g.,*

27  *White,* 896 F.2d at 352 (ordering the district court to remand the claim to the plan appeals board

28  for adjudication on the merits); *accord Pengilly v. Guardian Life Ins. Co. of America,* 81

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/ADJUDICATION RE EXHAUSTION OF
ADMINISTRATIVE REMEDIES
CASE NO. C07-04696 WHA ADR

1    F.Supp.2d 1010, 1024-25 n.7 (N.D. Cal. 2000) (dictum).  To have the court adjudicate the

2    merits of this claim in the first instance is a waste of judicial resources.  Should the court decline

3    to grant judgment in defendants' favor outright based upon the exhaustion defense and the

4    expiration of the prescribed appeal period, defendants respectfully request that this action be

5    stayed to permit administrative review of plaintiff's claim and of the additional July 7, 2006

6    medical report he allegedly submitted to The Hartford.

7

8                                        KELLY, HERLIHY & KLEIN LLP

9

10   Date: January 24, 2008                By   _Laura E. Fannon_

11                                              Laura E. Fannon
                                                Attorneys for Defendants
12                                         HARTFORD LIFE AND ACCIDENT
                                            INSURANCE COMPANY and LONG-
13                                         TERM DISABILITY AND LIFE PLAN FOR
                                           EMPLOYEES OF MINNESOTA METHANE LLC
14

15

16   E:\27250\P10

17

18

19

20

21

22

23

24

25

26

27

28

-7-