LAURA E. FANNON (SBN 111500)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:  (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, LONG-TERM DISABILITY AND LIFE PLAN
FOR EMPLOYEES OF MINNESOTA METHANE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. EPPLER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; LONG-TERM DISABILITY AND LIFE PLAN FOR EMPLOYEES OF MINNESOTA METHANE LLC,<br><br>　　　　　Defendants. | Case No.: C07-04696 WHA ADR<br><br>**SECOND 45-DAY STATUS REPORT RE: PROGRESS OF CLAIM REVIEW ON REMAND TO HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** |

1    Pursuant to this Court's Order entered February 19, 2008, defendant Hartford Life and Accident Insurance Company ("The Hartford") hereby provides its second 45-day status report concerning the progress of its review of the claim of plaintiff Mark A. Eppler ("plaintiff") for reinstatement of disability benefits he claims are owed to him under the long term disability plan sponsored by his former employer, Minnesota Methane LLC. ("the Plan"), which was underwritten by The Hartford.

**1.    Summary of facts and procedural history.**  At the time his claim arose, plaintiff was employed as a controller by Minnesota Methane LLC.  He stopped working on October 29, 2003.  The Hartford paid plaintiff benefits under the Plan and policy for the two-year own occupation period following the elimination period.  After that, a more stringent definition of disability (the "any occupation" definition) applied.  Plaintiff's benefits were terminated in April 2006 on the ground that he failed to satisfy this more stringent definition of disability.

Inasmuch as The Hartford never received anything from plaintiff beyond an initial inquiry by his attorney, the file was closed.  The file noted that no appeal had been submitted. After this lawsuit was filed, defendants moved for summary judgment on the ground that plaintiff had failed to exhaust his administrative remedies.  This Court denied defendants' motion on February 11, 2008, stating that plaintiff's attorney's letter of inquiry should have been treated as an appeal.  The Court ordered the matter remanded to The Hartford to complete an administrative review, taking into account a later-submitted report authored by psychiatrist Thomas Lewis, M.D., in addition to the other documents in the file, and stayed the matter pending this review.  The parties were ordered to report at 45-day intervals (up to a maximum of 90 days) concerning the progress of The Hartford's review.

**2.    First report of progress of claim review.**

The initial 45-day status report stated:

"The claim is in the process of being reviewed by a Senior Appeal Specialist at The Hartford's Home Office.  The Hartford has determined that an independent medical record review will be required for a full and fair review of the claim.  The Hartford also has determined that an independent medical examination would not be helpful, in that the question relevant to

-1-
SECOND 45-DAY STATUS REPORT
CASE NO. C07-04696 WHA ADR

347035.1

1  this review concerns not whether plaintiff currently is disabled, but rather whether plaintiff
2  satisfied the definition of disability at the time his benefits were terminated in April 2006.
3  "Because the file is being sent to an outside medical consultant for an opinion, additional
4  time beyond the initial 45 days prescribed by 29 C.F.R. section 2560.503-1will be required to
5  complete the administrative review.  Plaintiff's attorney, Julian Baum, Esq., is being kept
6  apprised of the progress of this review.
7  "The Hartford will report to the Court again at the conclusion of the review or in 45 days,
8  whichever first occurs."

3.  **Current status of claim review.**

On April 22, 2008, while the medical review of the claim by The Hartford's consultant was pending, Mr. Baum sent counsel for defendants a letter requesting, among other things, that defendants arrange for their medical consultant to interview Thomas B. Lewis, M.D., the psychiatrist whose report the court permitted plaintiff to proffer to The Hartford for consideration on remand.  This request was communicated to The Hartford's medical consultant, who apparently has had difficulty reaching Dr. Lewis by telephone and thus completing his report.  Counsel for both sides conferred today and agreed that it is important that Dr. Lewis's input be obtained and considered as part of the claim review.  Both parties would prefer to wait for a decision that takes this information into account.  The Hartford anticipates that it will be able to make its decision soon after the consulting physician's report is received and expects that it will be in a position to make its final report to the court within the next 10 to 14 days.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Date: May 9, 2008          By_____/s/ Laura E. Fannon_____
                              Laura E. Fannon
                              Attorneys for Defendants
                              HARTFORD LIFE AND ACCIDENT
                              INSURANCE COMPANY and LONG-
                              TERM DISABILITY AND LIFE PLAN FOR
                              EMPLOYEES OF MINNESOTA METHANE LLC