LAURA E. FANNON (SBN 111500)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105-2725
Tel.: (415) 433-0990
Fax: (415) 434-1370

Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, LONG-TERM DISABILITY AND LIFE PLAN
FOR EMPLOYEES OF MINNESOTA METHANE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. EPPLER,<br><br>    Plaintiff,<br><br>  vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; LONG-TERM DISABILITY AND LIFE PLAN FOR EMPLOYEES OF MINNESOTA METHANE LLC,<br><br>    Defendants. | Case No.: C07-04696 WHA ADR<br><br>**DECLARATION OF CHRISTOPHER B DAVIS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (AUTHENTICATION OF ADMINISTRATIVE RECORD)**<br><br>Date: July 31, 2008<br>Time: 8:00 a.m.<br>Courtrooom: 9<br><br>Hon. William H. Alsup<br><br><u>Documents Attached</u>:<br><br>1. Notice, Motion, and Memorandum;<br>2. Fannon Declaration;<br>3. Notice of Manual Filing;<br>4. Proposed Order. |

---

DECLARATION OF CHRISTOPHER B. DAVIS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. C07-04696 WHA ADR

359798.1

I, CHRISTOPHER B. DAVIS, declare as follows:

1. I am a Senior Appeal Specialist for Hartford Life and Accident Insurance Company ("The Hartford") in Windsor, Connecticut. I make this declaration in support of the motion of defendants Hartford and Long-Term Disability and Life Plan for Employees of Minnesota Methane LLC ("the Plan") for summary judgment. The following facts are based upon my personal knowledge and upon the records maintained by The Hartford in the regular and ordinary course of conducting its business. If called as a witness, I could and would testify competently to the following facts.

2. I have been employed by The Hartford in its Disability Claims area since February 2002, and I have served as a Senior Appeal Specialist since April 2005. As a Senior Appeal Specialist, my primary duties include the review of long-term disability claims under plans insured by Hartford disability policies, where the claimant has appealed a denial or termination of benefits. This review may include communication, as appropriate, with the claimant, third-party vendors who contract for medical consultation services with medical specialists in appropriate fields, sometimes the consulting physicians, and other Hartford personnel. The review culminates in the final decision as to whether the original claim determination should be overturned or upheld. In my capacity as Senior Appeals Specialist, I am personally familiar with the way in which claim files are created and maintained, and I also have frequent recourse to the governing policies. I am familiar as well as with the procedures by which The Hartford determines that documents are to be included in the administrative record.

3. I was personally involved in the handling of the appeal, on remand, of the disability claim of Mark A. Eppler, plaintiff in this action, who was a participant in the Plan. Under ordinary circumstances, meaning, when the claim is not in litigation, the regional claim office handling the claim at the initial level of review will forward the entire original file to the Appeals Unit in Windsor upon receipt of a notice from the claimant of intent to appeal. In this case, the file was sent to the Law Department upon notice of the lawsuit filed by plaintiff. After the court remanded the matter to The Hartford to conduct a review of the claim in February of

1  this year, the Law Department forwarded the file to the Appeals Unit. I was assigned to handle
2  the appeal.
3      4.    At the time I received the file, in early March 2008, the administrative record
4  consisted of the documents Bates numbered by defendants' outside counsel as E001 to E686, as
5  well as surveillance videos taken in 2005. Pages E001 to E540 consisted of the claim file as it
6  existed at the time the file was closed in December 2006. Of these, pages E001 to E045
7  consisted of the K6 Comments (titled "Summary Detail Report"), in which significant aspects of
8  claim handling and communications are noted electronically. It is my understanding that these
9  documents were produced to Mr. Eppler's attorney with a privilege log, a matter addressed in the
10 accompanying declaration of Laura E. Fannon. The remaining documents, E541 to E686,
11 consisted of two versions of the policy and incorporated booklet certificates. The version of the
12 policy in force at the time Mr. Eppler's claim arose is Bates numbered E626 to E686, and the
13 version of the policy in force at the time his claim was denied is Bates numbered E541 to E625.
14 Both policy versions include provisions relating to short term disability, long term disability, life
15 insurance, and accidental death and dismemberment insurance. In addition, through our outside
16 counsel, I was provided with a copy of a report by Thomas B. Lewis, M.D., dated July 7, 2007,
17 and of the court's February 11, 2008, Order Denying Defendants' Motion for Summary
18 Judgment. These have been Bates numbered EA687 to EA700 and EA688 to EA716,
19 respectively.
20     5.    As part of my review of the file on remand, I contacted a third-party vendor,
21 University Disability Consortium (UDC) to have the medical records in the file reviewed by a
22 sleep specialist. UDC assigned the file to Andrew Filderman, M.D., for review. The documents
23 I sent to UDC for review are broken out separately and Bates numbered EA717 to EA986.
24 Although Dr. Lewis's report was sent with these records, Dr. Filderman's initial report did not
25 address it. Therefore, I sent UDC a second referral asking that Dr. Filderman address Dr.
26 Lewis's report and also that he speak with Dr. Lewis personally before completing his report.
27 Consequently, Dr. Filderman's report was completed in two stages, including an April 17, 2008,
28

-2-
DECLARATION OF CHRISTOPHER B. DAVIS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. C07-04696 WHA ADR
359798.1

1  report, and a May 28, 2008, addendum. The two-part report is Bates numbered EA987 to
2  EA996.
3      6.    On June 5, 2008, after having reviewed the entire administrative record, including
4  Dr. Lewis's report and the court's February 11, 2008 order in this case, and the medical report by
5  Dr. Filderman, I determined that the decision to terminate Mr. Eppler's benefits was proper and
6  faxed a letter to his attorney, Julian Baum, Esq., explaining my decision. A copy of this letter,
7  with fax confirmation appended, has been Bates numbered EA997 to EA1007.
8      7.    Because the direction to review Mr. Eppler's claim on remand came from The
9  Hartford's Law Department, in conjunction with outside counsel, due to the court's order, there
10  were some e-mail communications that are protected by the attorney-client privilege. These
11  communications are not considered part of the administrative record and have been excluded
12  from it. I did not enter any K6 Comments for this review, except for a brief note that the review
13  on remand had been completed and that the decision to uphold the determination had been
14  communicated to plaintiff's counsel, because this K6 Comment system is not used in conducting
15  post-litigation remand reviews. See Bates page EA1008. For the same reason, automatic diary
16  dates are routinely deleted in post-litigation remand reviews, as was done here, because these
17  dates generally are superseded by court deadlines. Non-privileged e-mails or attachments, such
18  as with the vendor, or correspondence between Mr. Baum and our outside counsel that was
19  forwarded to me, have been Bates numbered EA1009 to EA1037 and are considered part of the
20  record.
21      8.    In summary, the administrative record in this matter consists of the non-privileged
22  documents Bates numbered E001 to E686 and EA687 to EA1037, which are being filed with the
23  court in connection with defendants' accompanying motion for summary judgment, and
24  ///
25  ///
26  ///
27  ///
28  ///

1 surveillance videos. I understand that these documents are being redacted for privacy in
2 accordance with court requirements.
3     I declare under penalty of perjury under the laws of the State of California and of the
4 United States that the foregoing is true and correct. Executed this ___26th___ day of June,
5 2008, at Windsor, Connecticut.

*[signature]*
CHRISTOPHER B. DAVIS