1  LAURA E. FANNON (SBN 111500)
   WILSON, ELSER, MOSKOWITZ,
2         EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, CA 94105-2725
   Tel.: (415) 433-0990
4  Fax: (415) 434-1370

5

   Attorneys for Defendants
6  HARTFORD LIFE AND ACCIDENT INSURANCE
   COMPANY, LONG-TERM DISABILITY AND LIFE PLAN
7  FOR EMPLOYEES OF MINNESOTA METHANE LLC

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 MARK A. EPPLER,                     )  Case No.: C07-04696 WHA ADR
                                       )
13            Plaintiff,               )  **REPLY TO PLAINTIFF'S OPPOSITION
                                       )  TO DEFENDANTS' MOTION FOR
14     vs.                             )  SUMMARY JUDGMENT/
                                       )  ADJUDICATION**
15 HARTFORD LIFE AND ACCIDENT          )
   INSURANCE COMPANY; LONG-TERM        )  Date: August 7, 2008
16 DISABILITY AND LIFE PLAN FOR        )  Time: 8:00 a.m.
   EMPLOYEES OF MINNESOTA              )  Courtrooom: 9
17 METHANE LLC,                        )
                                       )  Hon. William H. Alsup
18            Defendants.              )
                                       )  Document attached:
19 _____ )
                                          Objections to Evidence
20

# ARGUMENT

## I

## PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH ANY BASIS FOR DENYING THE RELIEF REQUESTED BY DEFENDANTS

In response to defendants' motion for summary judgment or adjudication of issues, plaintiff has adopted a "spaghetti" approach in the hope that one of his tangled arguments will stick to the wall. None of these is persuasive, either with respect to their impact on the standard of review or with respect to the merits of the claim.

**A.    The Discretionary Clause in the Policy Constitutes a Proper Delegation of Discretion by the Plan Administrator to The Hartford.**

Plaintiff contends that the Plan documents do not contain any delegation by the Plan to The Hartford of discretionary authority. This is not so. The "ERISA Information" portion of the policy states,

> The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.

E619, E677.

As for the SPD, this court already has ruled that defendants did not owe plaintiff any additional documents in connection with his intended appeal. See Order, EA714:18-715:4. Additionally, it should be noted that plaintiff amended his complaint to delete the penalties claim that was based upon the Plan's alleged failure to provide him with the SPD. Plaintiff's argument based upon failure to delegate discretion appears to be simply an attempt to distract the court from the merits of the motion.[1]

---

[1]    To the extent, if any, that this issue is material, Minnesota Methane's benefits representative is willing to provide the court, upon request, with a declaration that at the time plaintiff was employed with Minnesota Methane, it was her practice to provide the entire insurance certificate booklet to each employee when the booklets were received from The Hartford.

-1-

B.   **Plaintiff Improperly Submits Evidence Beyond the Administrative Record to Support his Opposition.**

Defendants' have objected to and moved to strike Exhibit A to the declaration of Julian Baum, Esq., plaintiff's attorney. Exhibit A is a July 16, 2008 letter from Dr. Lewis to Mr. Baum purporting to comment not only on Dr. Filderman's report, which already is improper on this motion, but on defendants' moving papers generally.

Dr. Lewis's July 16, 2008 letter is not, and cannot be, part of the administrative record, which closed on June 5, 2008, when The Hartford denied plaintiff's appeal. In *Silver v. Executive Car Leasing Long Term Disability Plan*, 466 F.3d at 732 n.2, quoted in part in footnote 1 below, the Ninth Circuit held that the claimant had no right to comment on the medical report generated in the course of the appeal. Although the court did note that the insurer's disclosure of the appeal documents during the litigation afforded the claimant ample opportunity to respond, *Silver* involved *de novo* review of the claim determination. And even then, the court in *Silver* emphasized, documents outside the administrative record should be considered "'only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.'" *Id.* at 732 n.2, quoting *Mongeluzo v. Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995).

This court has specifically ruled that the administrative record on appeal could be expanded to include Dr. Lewis's initial (July 2007) report, but the court did not invite – and the case law does not sanction – "an interminable back-and-forth," *Silver* at 731-32 n.2, between Dr. Lewis and The Hartford, nor between Dr. Lewis and the court, with respect to the documents generated during the course of the appeal.

In *Glenn v. Metropolitan Life*, the Supreme Court affirmed that, when a discretionary clause such as The Hartford's appears in the plan documents, the claim administrator's decision must be reviewed for abuse of discretion. Given that the claim administrator's decision was rendered on June 5, 2008, Dr. Lewis's July 16, 2008 letter was not available to the claim administrator at the time of its review. It therefore is irrelevant to this court's determination of

-2-

whether The Hartford abused its discretion in terminating plaintiff's benefits under the any occupation standard.

C.  **Plaintiff Ignores the Escalating Pain Complaints Made in the 2006 Records.**

Plaintiff's skewed rendering of The Hartford's handling of his claim ignores the fact that, by the end of the own occupation period, plaintiff was heavily emphasizing his orthopedic and pain complaints, which appeared to eclipse his very long-standing complaints of sleepiness. In his Continuing Disability Statement of February 26, 2006, plaintiff reported that he was contemplating back surgery (EA827); was able to walk approximately a block over a period of 20 minutes (*id.*) and experienced extreme pain as a result (8 to 10 on a pain scale of 1 to 10) (EA827-828); could stand only for 10 to 15 minutes before he had to lie down with extreme pain (EA828); and could carry only 20 pounds without experiencing extreme pain (*id.*). The same was true of squatting, kneeling, bending, pulling anything that offered resistance, and sitting for more than 30 minutes. (EA828-829). The file contains a number of medical reports and studies directed to these complaints. (See, e.g., EA738-755, 776, 787-790.) Therefore, The Hartford reasonably investigated plaintiff's level of physical functioning by means of video surveillance, and it reasonably inferred a credibility gap when the surveillance showed a significant discrepancy between his stated level of functioning and his actual level of functioning as revealed in the surveillance footage.

At the same time, although plaintiff did continue to complain of daytime sleepiness (EA830), his primary care physician, Dr. Waters, told The Hartford that he viewed plaintiff's sleep problem as improved after the surgery. (K6 Comment, April 27, 2006, E010.) In fact, even by December 1, 2004, Robert Riley, M.D., at the Stanford Sleep Disorders Clinic stated that plaintiff's November 9, 2004 sleep study (E322-326) "shows significant improvement. He has a hypopnea index of 10 and minimal desaturations." E318. When on appeal plaintiff again emphasized his sleep problems and did not urge his orthopedic problems as a basis for his appeal, The Hartford accommodated this shift by turning to a sleep specialist for an evaluation of this aspect of plaintiff's claim during the appeal review.

1   **D.   Plaintiff Fails To Establish That any Alleged Procedural Defects in the Handling of
2        the Appeal Preclude Judgment for Defendants.**

3   The balance of plaintiff's opposition relies almost entirely on perceived procedural
4   defects in the handling by The Hartford of his appeal on remand of the termination of benefits
5   under his employer's long-term disability plan. Plaintiff vaguely implies wrongdoing in his
6   recitation of the procedural facts. These vague implications are unsupported by the facts
7   reflected in the record:

8       (1)   Plaintiff suggests that The Hartford did nothing for the first 45 days of the review
9   on remand. (Opposition at 14.) This is not so. After the court issued its order, the order
10  necessarily had to be transmitted by defendants' attorneys of record to The Hartford's Law
11  Department, and from there to the Claims Department, and then the claim had to be assigned to
12  someone in the Appeals Unit for review. The nearly 700-page file then had to be transferred to
13  the Appeals Unit in the Windsor Office and fully reviewed by the assigned reviewer,
14  Christopher Davis, before he could identify the proper kind of medical specialist to review the
15  claim, determine whether the independent medical examination that plaintiff's attorney was
16  requesting would be helpful, and determine the questions that the medical reviewer should
17  address.

18      Mr. Davis's declaration submitted with defendants' moving papers states that he
19  received the file in early March 2008. He therefore had had the file no more than three weeks
20  before he culled the medical records from it to submit to the third-party vendor, UDC, to
21  forward to an appropriate sleep specialist. Given the size of the file, the nature of the records,
22  and the relative complexity of the medical issues involved – together with the fact that Mr.
23  Davis had a full caseload before this file arrived on his desk – Mr. Davis unquestionably
24  exercised reasonable diligence in reviewing the file within this period and having it ready for
25  review by a medical consultant by late March.

26      (2)   Plaintiff further finds fault with The Hartford's or its attorney's representing that
27  there was nothing available for plaintiff's review as of late April. Plaintiff points to the first
28

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION
CASE NO. C07-04696 WHA ADR
365755.1

1  portion of Dr. Filderman's report, dated April 17, 2008. Although this initial report physically
2  existed, Mr. Davis knew that it was incomplete and asked for follow-up in his second referral to
3  UDC. EA717-718. Specifically, Dr. Filderman's initial report for some reason did not address
4  Dr. Lewis's report, even though it had been provided to Dr. Filderman along with the other
5  medical records. Because Dr. Filderman's report was incomplete (and for that reason had not
6  been provided even to defense counsel), there was nothing to provide to plaintiff for comment at
7  that point. Moreover, plaintiff had no right to see and comment upon the information generated
8  on appeal, as defense counsel advised plaintiff's counsel on May 20, 2008 (EA1037). This
9  point was squarely decided in *Silver v. Executive Car Leasing Long Term Disability Plan*, 466
10  F.3d at 731-32 n.2 (9th Cir. 2006).[2]

11  (3)  Finally, plaintiff notes that The Hartford's claim determination was delayed
12  beyond the 90-day period for which the ERISA claim regulations provide. The Hartford at that
13  point was awaiting Dr. Filderman's completed report, which in turn depended upon his ability
14  to have a telephone conversation with Dr. Lewis, as plaintiff had requested. The Hartford's
15  claim decision was made about a week after Dr. Filderman's completed report was received.
16  Although The Hartford regrets that its decision could not be rendered within 90 days, plaintiff
17  does not urge that he suffered any prejudice by reason of this delay, and no substantive
18  remedies are available for this minor procedural defect. *See, e.g., Gatti v. Reliance Standard*
19  *Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005) ("procedural violations of ERISA do not alter

---

[2]  "We further reject Silver's argument that the district court improperly admitted documents prepared by UNUM in the course of the administrative appeal. Silver contends that UNUM unfairly kept the record open for itself after closing the record to him, but there is no other way that UNUM could have addressed Silver's appeal except by waiting until he had submitted all of his material. Simply put, in order for UNUM to evaluate Silver's administrative appeal fairly, it had to wait until Silver had submitted all of his materials; for UNUM to do otherwise would either undermine Silver's ability to present all of his supporting information or lead to an interminable back-and-forth between the plan administrator and the claimant. Further, the paperwork generated by UNUM in the course of its review was fully disclosed to Silver during trial at the district court, at which point Silver had ample opportunity to respond." 466 F.3d at 731-32 n.2.

the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm."); *accord Abatie v. Alta Bates Health & Life Insurance Co.,* 458 F.3d 955 (9th Cir. 2006).

## II

## PLAINTIFF HAS FAILED TO JUSTIFY HIS CLAIMED NEED FOR DISCOVERY

Defendants agree with plaintiff's prefatory comment to his Rule 56(f) discovery request (see Opposition at 12:26-27) that the court has before it sufficient evidence to make a ruling. However, plaintiff requests leave to take discovery if the court should decide that further evidence is needed.

Rule 56(f) requires plaintiff to specify why he is unable to present the facts essential to justify his opposition, if such is the case. In *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006), the court held, "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Plaintiff has failed to satisfy the burden imposed by Rule 56(f). His opposition includes no affidavit describing the facts that further discovery would reveal, nor does it even identify the nature of the discovery desired.

One of ERISA's underlying purposes is to allow the inexpensive and expeditious resolution of benefit claims. *See, e.g., Baldoni v. UNUM Provident*, 2007 U.S. Dist. LEXIS 14127, *20-*21 (D. Or. 2007), in which the court stated:

> In light of ERISA's underlying purpose, in cases such as this, when the administrator has an inherent conflict of interest, discovery should only be allowed when narrowly tailored to significantly illuminate the conflict's effect on the specific benefit decision under review.

The Supreme Court in *Metropolitan Life v. Glenn* underscored the efficiency interests underlying ERISA ("Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress."). The fact that the Court also referred to the standard of review issue as a potential "tie-breaker" in

-6-

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION
CASE NO. C07-04696 WHA ADR
365755.1

1  close situations also militates against any *pro forma* granting of discovery, as well as against
2  allowing standard of review issues to eclipse the merits in cases that do not involve closely
3  balanced factors. Given the very limited circumstances under which discovery may be allowed
4  under ERISA, the requirement of a specific showing of need is especially crucial. Plaintiff has
5  made none at all.
6      Finally, of course, if The Hartford's decision was correct, conflict of interest
7  considerations do not matter. *See Dames v. Paul Revere Life Ins. Co.*, 49 F.Supp.2d 1194 (D.
8  Or. 1999) (to avoid extensive and costly discovery in benefits determination cases, the focus
9  should be on the merits of the decision rather than upon the motives of the decision maker).
10     Plaintiff has not made any showing that discovery is necessary or relevant here.

## CONCLUSION

As set forth in defendants' moving papers, plaintiff presented with a complex medical history but inconsistent assessments, even by his own physicians, of his level of functionality. The burden of proof was his. Even though the court generously allowed plaintiff to amplify his offerings on appeal by directing The Hartford to review Dr. Lewis's initial report of an examination conducted long after the end of the appeal period, even his report could not supply information about plaintiff's level of functioning at the time benefits were terminated. Dr. Filderman's report did not provide any basis for a reversal of The Hartford's decision. As The Hartford reasonably and correctly concluded that plaintiff failed to satisfy the disability definition applicable after the first two years, defendants respectfully request that this court grant the relief requested in their notice of motion.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

Date: July 24, 2008          By     /s/Laura E. Fannon
                                    Laura E. Fannon
                             Attorneys for Defendants
                             HARTFORD LIFE AND ACCIDENT
                               INSURANCE COMPANY and LONG-
                               TERM DISABILITY AND LIFE PLAN FOR
                               EMPLOYEES OF MINNESOTA METHANE LLC

-7-